UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

ARNOLD ROBINSON,

                                  Plaintiff,

             -against-

CITY OF NEW YORK, ERIC SMITH, Individually,
GABRIELLE RODRIGUEZ, Individually, KENNY
MALDONADO, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                  Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

19 CV 2692 (NRB)

<u>Jury Trial Demanded</u>

Plaintiff ARNOLD ROBINSON, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

**<u>Preliminary Statement</u>**

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

**<u>JURISDICTION</u>**

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

**<u>VENUE</u>**

4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6.      Plaintiff ARNOLD ROBINSON is a forty-two-year-old African American male who is a resident of the State of Connecticut.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, ERIC SMITH, GABRIELLE RODRIGUEZ, KENNY MALDONADO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On February 1, 2017 at approximately 10:25 p.m., in the vicinity of Barretto Street and Southern Boulevard, Bronx, New York, plaintiff was the rear passenger in a car pulled over by defendant NYPD officers RODRIGUEZ and SMITH, as well as by non-party NYPD Sergeant Dany Fana.

13.     Plaintiff fully complied with the defendant officers' orders to exit the car and with an initial frisk of his person, but then fled the scene of the car stop on foot and boarded a New York City Metropolitan Transit Authority (hereinafter "MTA") bus which was stopped at a nearby bus stop.

14.     Defendants RODRIGUEZ and SMITH pursued plaintiff.

15.     Defendant RODRIGUEZ, followed by SMITH, boarded the bus shortly after the plaintiff.

16.     At some point additional defendant officers arrived on the scene, including but not limited to defendant MALDONADO.

17.     While on the bus, plaintiff immediately complied when ordered by defendant officers to put his hands up and get down on the floor.  Plaintiff lay face down on his stomach with his hands above his head waiting to be handcuffed.

18.     Plaintiff did not resist arrest or fight the defendant officers in anyway.

19.     While plaintiff was face down on the floor of the bus, defendant officers, believed to be defendants RODRIGUEZ and SMITH, grabbed plaintiff's left arm and, either alone or with assistance, proceeded to handcuff plaintiff.

20.     After plaintiff was handcuffed, defendant MALDONADO punched plaintiff multiple times in his face, mouth, and body.

3

21.     While plaintiff was being punched by MALDONADO, defendant RODRIGUEZ was on top of plaintiff, squeezing his handcuffs, and pulling arms straight up by the handcuffs, causing plaintiff further pain and discomfort.

22.     Defendant officers, believed to include defendants MALDONADO, SMITH, and RODRIGUEZ, then lifted plaintiff, grabbing plaintiff by his arms and legs, removed plaintiff from the bus, and dropped him stomach down on the pavement outside the bus.

23.     Plaintiff was then held face down on the ground by multiple officers, and defendant MALDONADO proceeded to punch plaintiff more times in his already bleeding face and mouth.  Plaintiff was also kicked in the ribs.

24.     Defendant officers including, but not limited to, defendants MALDONADO and RODRIGUEZ, thereafter, pulled plaintiff up and walked him to a nearby unmarked police vehicle.

25.     Plaintiff was roughly tossed into the back seat, crammed in between defendant MALDONADO on one side and two unidentified male defendant officers on his other side. While inside the vehicle, defendant MALDONADO punched plaintiff in the face a few more times.

26.     Plaintiff was transported to the 41st Police Precinct in said manner.

27.     At the 41st Police Precinct, defendant officers including MALDONADO brought plaintiff before the precinct's desk sergeant.

28.     While at the front desk, plaintiff stated in the presence of the desk sergeant that he was in pain and asked to sit down.

29.     In response, officers including defendant MALDONADO pushed plaintiff to a seated position on the ground.

4

30.     Plaintiff was then brought to his knees and an officer pulled the hood of his sweatshirt over plaintiff's face, restricting his breathing.

31.     Plaintiff, who is asthmatic, complained that he could not breath, however, his complaints were ignored, and he was made to remain with his face bleeding and covered by his sweatshirt hood for approximately one minute.

32.     Shortly after this, an ambulance arrived at the 41th Police Precinct, and plaintiff was transported by ambulance, in custody, to Lincoln Medical and Mental Health Center for medical treatment for injuries sustained as a result of the defendant officers' unwarranted use of force.

33.     The defendant officers continued to imprison plaintiff until his arraignment on February 2, 2017 in Bronx County Criminal Court on docket number 2017BX00489.  Of the charges on which plaintiff was arraigned, the counts of New York Penal Law § 120.00 (1) Assault in the Third Degree, and New York Penal Law § 205.30 Resisting Arrest, were maliciously filed based on false allegations that plaintiff bit defendant MALDONADO and resisted being handcuffed while aboard the MTA bus by purportedly tensing and flailing his arms.  These false allegations were conveyed to the Bronx County District Attorney's Office by defendant GABRIELLE RODRIGUEZ, in concert with her fellow defendant officers, including MALDONADO.

34.     Bail was set at arraignment and plaintiff remained incarcerated on said case during the pendency of the prosecution.

35.     The defendant officers initiated said prosecution on the charges of assault and resisting arrest with malice, and otherwise caused the prosecution on said charges to be commenced against plaintiff without probable cause.

36.     Defendant RODRIGUEZ also conveyed the false and manufactured allegations that plaintiff bit defendant MALDONADO and resisted being handcuffed while aboard the MTA bus to federal prosecutors with the United States Attorney's Office for the Southern District of New York.  Said false allegations were memorialized in a sealed complaint, which was filed on March 13, 2017, under Docket 17 Cr. 00249 (PAE), and were utilized in the request and issuance of an arrest warrant in federal court.

37.     Plaintiff was arrested on said federal warrant on March 22, 2017, and thereafter arraigned in United States District Court for the Southern District of New York on that same date.

38.     On June 15, 2017, the false and malicious charge of assault pending in Bronx County Criminal Court was dismissed and sealed.

39.     On October 2, 2017, the false and malicious charge of resisting arrest was dismissed and sealed in Bronx County Criminal Court.

40.     On October 12, 2017, plaintiff was acquitted by a jury of all charges filed in federal court under Docket 17 Cr. 00249 (PAE).

41.     As a result of the above described use of excessive force, plaintiff sustained, without limitation, bilateral nasal fractures, a right zygomatic fracture with orbital components for which timely surgery was required but unavailable due to plaintiff's incarceration, loss of a bridge covering seven teeth, three broken upper front teeth, which began to actively bleed, a laceration to the bridge of his nose, which began to actively bleed requiring stiches, pain to his face and side, swelling to his face, headaches, anxiety, depression, and nightmares.

42.     Defendants  ERIC  SMITH,  GABRIELLE  RODRIGUEZ,  KENNY MALDONADO, and JOHN and JANE DOE 1 through 10 either directly participated in the

above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

43.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of employing excessive force, falsification, lax investigations of police misconduct, and of covering up abuse by fellow officers.

44.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and engage in cover ups of police abuse.

45.     For instance, in another civil rights action filed in this circuit involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

46.     Further, with respect to the custom and practice of using excessive force, and lack of training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD issued a report on October 1, 2015, available on the City of New York's

website at http://www.nyc.gov/html/oignypd/assets/downloads/pdf/oig_nypd_use_of_force_
report_-_oct_1_2015.pdf.   Said report acknowledged that between the years of 2010 and 2014
the Civilian Complaint Review Board substantiated 179 force cases.   The report further affirmed
the lack of proper training, policies, practices, and discipline of NYPD officers with respect to
use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise,
providing little guidance to individual officers on what actions constitute force."   The report
further found that the NYPD frequently failed to impose discipline when provided with evidence
of excessive force.

47.     Defendant CITY OF NEW YORK is further aware that such improper training
has often resulted in a deprivation of civil rights.   Despite such notice, defendant CITY OF NEW
YORK has failed to take corrective action.   This failure caused the officers in the present case to
violate the plaintiffs' civil rights.

48.     Moreover, upon information and belief, defendant CITY OF NEW YORK was
aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,
maturity, discretion, and disposition to be employed as police officers.   Despite such notice,
defendant CITY of NEW YORK has retained these officers, and failed to adequately train and
supervise them.

49.     All of the aforementioned acts of defendants, their agents, servants and employees
were carried out under the color of state law.

50.     All of the aforementioned acts deprived plaintiff ARNOLD ROBINSON of the
rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and
Fourteenth Amendments to the Constitution of the United States of America, and in violation of
42 U.S.C. §1983.

8

51.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

52.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53.     As a result of the foregoing, plaintiff ARNOLD ROBINSON sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 – Individually Named Defendants)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     The level of force employed by defendant officers was excessive, objectively unreasonable and otherwise in violation of plaintiff ARNOLD ROBINSON'S constitutional rights.

56.     As a result of the aforementioned conduct of the defendant officers, plaintiff ARNOLD ROBINSON was subjected to excessive force and sustained serious physical injuries and emotional distress.

57.     As a result of the foregoing, plaintiff ARNOLD ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(<u>Malicious Prosecution under 42 U.S.C. § 1983 – Individually Named Defendants</u>)

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendants initiated, commenced and continued a malicious prosecution in Bronx County Criminal Court against plaintiff ARNOLD ROBINSON.

60.     Defendants caused plaintiff ARNOLD ROBINSON to be prosecuted in Bronx County Criminal Court for assault and resisting arrest without probable cause until the charges were dismissed on June 15, 2017 and October 2, 2017, respectively.

61.     As a result of the foregoing, plaintiff ARNOLD ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(<u>Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983 – Individually Named Defendants</u>)

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants created false evidence against plaintiff ARNOLD ROBINSON.

64.     Defendants utilized this false evidence against plaintiff ARNOLD ROBINSON in legal proceedings in Bronx County Criminal Court and in Unites States Federal Court.

65.     As a result of defendants' creation and use of false evidence, plaintiff ARNOLD ROBINSON  suffered a violation of his constitutional rights to a fair trial, as guaranteed by the

United States Constitution.

66.     As a result of the foregoing, plaintiff ARNOLD ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983 – Individually Named Supervisory Defendants)

67.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

69.     As a result of the foregoing, plaintiff ARNOLD ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983 – Individually Named Defendants)

70.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     Defendants had an affirmative duty to intervene on behalf of plaintiff ARNOLD ROBINSON, whose constitutional rights were being violated in their presence by other officers.

72.     The defendants failed to intervene to prevent the unlawful conduct described herein.

73.     As a result of the foregoing, plaintiff ARNOLD ROBINSON was subjected to excessive force, he was denied his right to fair trial, and he was maliciously prosecuted, and he was put in fear of his safety.

74.     As a result of the foregoing, plaintiff ARNOLD ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 - Defendant City of New York)

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

77.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals and then covering up said acts by manufacturing evidence and otherwise engaging in falsification,  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ARNOLD ROBINSON'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts

and conduct complained of herein.

78.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ARNOLD ROBINSON.

79.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ARNOLD ROBINSON as alleged herein.

80.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ARNOLD ROBINSON as alleged herein.

81.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ARNOLD ROBINSON was unlawfully prosecuted and subjected to physical abuse.

82.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ARNOLD ROBINSON'S constitutional rights.

83.     All of the foregoing acts by defendants deprived plaintiff ARNOLD ROBINSON of federally protected rights, including, but not limited to, the right:

        A.     To be free from excessive force;

        B.     To be free from the denial of his right to fair trial;

        C.     To be free from malicious prosecution; and

        D.     To be free from the failure to intervene.

84.    As a result of the foregoing, plaintiff ARNOLD ROBINSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiff ARNOLD ROBINSON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
         September 17, 2019

                         BRETT H. KLEIN, ESQ., PLLC
                         Attorneys for Plaintiff ARNOLD ROBINSON
                         305 Broadway, Suite 600
                         New York, New York 10007
                         (212) 335-0132

                    By:    _Brett Klein_____
                         BRETT H. KLEIN (BK4744)

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ARNOLD ROBINSON,

                                   Plaintiff,

                                                                          19 CV 2692 (NRB)

              -against-


CITY OF NEW YORK, ERIC SMITH, Individually,
GABRIELLE RODRIGUEZ, Individually, KENNY
MALDONADO, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                   Defendants.
--------------------------------------------------------------------------------X



**AMENDED COMPLAINT**










**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132